## The People of the State of Illinois, Defendant in Error, v. Max Friend, Plaintiff in Error.

### Gen. No. 17,549.

1. PROSTITUTION—*leasing premises for.* A conviction for "knowingly permitting" leased premises to be used and occupied for the practice of prostitution will be sustained where the testimony is clear that the place was openly and flagrantly so used, so as to compel the conclusion that defendant had knowledge thereof.

2. CRIMINAL LAW—*information in language of statute sufficient.* An information in the language of the statute for permitting leased premises to be used for prostitution is sufficient.

3. CRIMINAL LAW—*sentence to work out fine.* A sentence ordering defendant to work out a fine of $100 at the rate of $1.50 a day is proper.

Error to the Municipal Court of Chicago; the Hon. JUDSON F. GOING, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed March 6, 1913.

LOUIS GREENBERG, for plaintiff in error.

MACLAY HOYNE, for defendant in error; ZACH HOFHEIMER, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff in error, Max Friend, was informed against in the Municipal Court for violation of the statute which provides that ''Whoever maintains a house of ill fame or place for the practice of prostitution or lewdness * * * and whoever shall lease to another any house, room or other premises * * * for any of the uses or purposes finable under this section, or knowingly permits the same to be so used or occupied, shall be fined,'' etc. Par. 57, chapter 38, Hurd's Revised Statutes. He was found guilty by a jury, fined $100, and ordered to stand committed to the house of correction until the fine should be worked out at the rate of $1.50 per day.

The points relied upon for a reversal are (1) that the information failed to charge an offense. It is enough to say that the information is in the language of the statute, and therefore sufficient. (2) That the proof does not support the allegations of the information, with special reference to the allegation that plaintiff in error ''knowingly permitted'' the premises to be used as a house of ill fame or prostitution. The evidence before the jury was that plaintiff in error owned the premises in question and that he lived next door, and the testimony was clear that the place was so openly and flagrantly used and occupied for the

practice of prostitution or lewdness as to compel the conclusion that plaintiff in error had knowledge of the same.   (3 and 4) That the sentence that plaintiff in error should work out the fine at the rate of $1.50 a day is improper.   But such a sentence is authorized by the statute.   Section 168a, Hurd's Revised Statutes 1911.

We find no error in the record, and the judgment will be affirmed.

*Affirmed.*